Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT  59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
         ablewett@hoytandblewett.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

* * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHELE REINHART and JEAN PRICE, | Cause No. |
| Plaintiffs, | Judge: |
| v. | |
| GREG MORTENSON and CENTRAL ASIA INSTITUTE, a Corporation, | **COMPLAINT FOR CLASS ACTION WITH DEMAND FOR JURY TRIAL** |
| Defendants, | |

* * * * * * * * * * * * * * * * * * *

**CLAIM FOR CLASS ACTION AGAINST MORTENSON AND CAI FOR FRAUD, DECEIT, BREACH OF CONTRACT, RICO VIOLATIONS, UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST**.

For their claims against Defendants, Plaintiffs state and allege as follows:

1. Plaintiff, Michele Reinhart, is a citizen of the State of Montana, residing in Missoula, Missoula County, Montana.

2. Plaintiff, Jean Price, is a citizen of the State of Montana, residing in Great Falls, Cascade County, Montana.

3. Defendant, Greg Mortenson (Mortenson) is an individual residing in Bozeman, Montana.

4. Defendant, Central Asia Institute (CAI) is a foreign corporation.

5.      CAI has expended significant sums of money to finance Mortenson's book tours and public speaking engagements. During these activities, Mortenson and CAI have repeatedly fabricated material details about his activities and work in Pakistan and Afghanistan, including specific fabrications contained in his books *Three Cups of Tea* and *Stones into Schools*. The purpose of these fabrications was to induce unsuspecting individuals to purchase his books and donate to CAI. These activities have generated significant sums of money for Mortenson and CAI in the form of book sales, public speaking fees, and charitable donations.

6.      Mortenson wrote the book *Three Cups of Tea* in 2006 and sold over 4 million copies. Mortenson wrote the book *Stones into Schools* in 2009 and sold a large number of copies.

7.      Pursuant to 28 U.S.C. § 1332(d) jurisdiction in Federal District Court is appropriate because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the class contains more than 100 members, greater than one third of the class members are citizens of a state different from Defendants', and the principle injuries resulting from Defendants' unlawful conduct occurred outside Montana.

8.      These books purport to be true accounts of how Mortenson transitioned from mountain-climbing to building schools in Pakistan and Afghanistan for the purposes of educating girls. Mortenson has repeatedly appeared in public to recount the events described in these books. Many of his representations are false.

9.      On or around September 21, 2007, Plaintiff, Michele Reinhart, attended a presentation given by Mortenson at University of Montana's University Theater. During this speech Mortenson indicated his book *Three Cups of Tea* was a true account of the experiences he had in Central Asia. Sometime around December 14, 2009, Plaintiff, Michele Reinhart, purchased a copy of the book at

University of Montana Bookstore, located at 5 Campus Drive, Missoula, MT 59801.  She paid approximately $12.00 to purchase the book.  Jean Price attended a speaking engagement put on by Mortenson and/or CAI in Great Falls in 2009, and relying on the truthfulness of his statements, made a donation to CAI.  Thereafter, she was solicited for contributions by Mortenson and/or CAI through the U.S. Mail, relied on the truth of the statements made by Mortenson and CAI and made a further donation to CAI.

10. In an effort to entice people to buy his two books, pay him speaking fees, and donate to CAI, Mortenson and CAI have consistently maintained that his books and public statements are true.  His books and public statements contain many fabrications which he and/or CAI have repeated publicly on numerous occasions.

11. Mortenson and CAI committed actual fraud against Plaintiffs by inducing them to donate to CAI and purchase the book that Mortenson and CAI publicly represented to be a true work when in fact Mortenson's books contained numerous fabrications.  The elements of actual fraud have been satisfied because, 1) Mortenson and CAI represented to Plaintiffs that the book *Three Cups of Tea* and his public statements were true accounts based on events which actually took place; 2) The representations were false in that many of the statements were completely falsified; 3) The representations were material because they pertained to integral aspects of the book's narrative and public statements which led Plaintiffs to believe that they were purchasing a book and donating based entirely on factual information; 4) Mortenson and CAI knew the representations were false because they described in his books and public statements events involving Mortenson that never occurred; 5) By representing that this book and public statements were based on fact, Mortenson and CAI intended Plaintiffs to rely upon these misrepresentations and to purchase the book and donate with the mistaken

belief that they were true; 6) Plaintiffs were completely ignorant to the fact that Mortenson and CAI included fabrications within the book and public statements; 7) Plaintiffs relied upon the truth of the representations to their determent by purchasing a book and making donations that they otherwise would not have purchased or donated had they known of the falsified information; 8) It was reasonable for Plaintiffs to rely upon Mortenson's and CAI's representations because Mortenson was a world renowned author and CAI a renowned non-profit corporation.  When Mortenson and CAI represented that this book and public statements were factual, Plaintiffs had every right to rely upon those representations; 9) Plaintiffs were damaged by their reliance on Mortenson's and CAI's false representations in the amount of the purchase price of the book, and the amount of the donation.

12.  Venue is proper in Missoula County because the tort against Michele Reinhart occurred there and because Michele Reinhart, in her claim against CAI, is a resident of Missoula County and the contract was to be performed in Missoula County.

13.  Mortenson and CAI should be forced to disgorge the purchase price because Michele Reinhart would not have purchased the book *Three Cups of Tea* had she known that Mortenson's public statements and books were based on fabricated information.  Mortenson and CAI should be forced to disgorge the Jean Price donation which she would not have made had she known that Mortenson's public statements and books were based on fabricated information.

14.  The conduct of Mortenson and CAI constitutes malice and/or other egregious conduct for which a jury should award punitive damages in an amount it determines appropriate under the circumstances.

15.  Mortenson and CAI are liable to Plaintiffs for the tort of deceit

because they willfully deceived Plaintiffs with the intent to induce Plaintiffs to purchase the book and donate to Mortenson and CAI.

16.     The conduct of Mortenson and CAI has resulted in their receiving unjust enrichment to the detriment of Plaintiffs, and Mortenson and CAI are liable to disgorge the purchase price and the donation to prevent unjust enrichment.

17.     In order to induce Plaintiffs to purchase the book and donate to Mortenson and CAI, Mortenson and CAI implicitly agreed that what Mortenson and CAI publicly represented about Mortenson's and CAI's work and activities was true and that the books and public statements were true.  The things that Mortenson and CAI were publicly stating and the representations made in the book were false, contrary to the agreement.

18.     As a result, Mortenson and CAI are liable for breach of contract and should disgorge the purchase price and the donation.

19.     In all of the above-mentioned conduct and in their soliciting donations from Jean Price by U.S. Mail, Mortenson and CAI committed mail fraud, pursuant to 18 U.S.C. § 1341, which conduct constitutes racketeering pursuant to 18 U.S.C. § 1961, *et seq.*  Mortenson, an individual, and CAI, a corporation, acted as an enterprise which affected interstate commerce.  They acted in a pattern of continual fraud over many years in using the false public statements and the false statements in the books to obtain money by false pretenses.  The conduct of Mortenson and CAI was prohibited racketeering, and unlawful, pursuant to 18 U.S.C. § 1962(a), (b), (c), and (d).

As a direct result of Defendants' racketeering, they are liable for threefold the damages sustained by Jean Price and all similarly situated persons, in addition, they are liable for reasonable attorneys' fees and the Court should order Mortenson and CAI to divest themselves of any interest, direct or indirect, in any of the funds they received pursuant to 18 U.S.C. § 1964(a).

20.     Plaintiff, Michele Reinhart, as a purchaser of *Three Cups of Tea*, and Jean Price as a donor, are representative parties for the class of other individuals who purchased either of Mortenson's books or donated to Mortenson or CAI and have standing to bring this class action.

21.     Based on the fraud, deceit, breach of contract and racketeering by Mortenson and CAI in dealing with every book purchaser and/or donor, Mortenson and CAI have been unjustly enriched by the funds they received. A constructive trust should be created into which all of the funds obtained by Mortenson and CAI should flow. If no constructive trust is established to receive these funds, Mortenson and CAI, if they are permitted to retain the funds, will be unjustly enriched. The funds in the constructive trust should then be transferred to an appropriate third-party institution to be selected by the Court to build the schools for girls in Afghanistan and Pakistan which Mortenson and CAI claim to have built, but did not build.

22.     This class is so numerous that joinder of all members is impractical and, in this regard, Plaintiffs have no way of determining or joining all members of this class unless this Court certifies this class. There are questions of law and questions of fact that are common to the class because Mortenson's and/or CAI's fabrications, which have been publicly reiterated and are also contained in the books, have resulted in countless people purchasing the books and making donations to Mortenson and CAI. The claims of Plaintiffs and the other class members, and the defenses of Mortenson and CAI are typical, if not identical, in all such claims being asserted on behalf of the class. Finally, the Plaintiffs can and will fairly and adequately protect the interests of the class.

23.     This proposed class-action should be certified because the questions of law and/or of fact common to class members predominate over any questions

affecting only individual members and, as a matter of fact, there are almost no questions of law or in fact that only affect individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  As a practical matter, there is no other available method.  In this regard, the Plaintiffs, bringing this class action, are in a position to show the Court:

(A)   Plaintiffs are in a position to have this issue resolved for all class members who either purchased Mortenson's books and/or donated to Mortenson and/or CAI and for all class members who have been damaged by Mortenson's and CAI's unjust enrichment and breach of contract.  These other class members do not have the knowledge, resources, legal expertise, or time to bring these claims individually in separate actions.

(B)   To the knowledge of Plaintiffs, there are no other cases pending against Mortenson or CAI concerning the controversy which has already been begun by Plaintiffs individually and on behalf of the class members in this proposed class action.

(C)   The desirability of concentrating the litigation of all of these claims in this particular forum before this particular Court under these circumstances, where the entire case turns on the common scheme of deceit, fraud, breach of contract and unjust enrichment, employed by Mortenson and CAI, is undeniable.

(D)   Although all class actions have certain difficulties, representative Plaintiffs and their counsel feel these difficulties will be much more easily managed through a class action than through the nearly impossible procedure of individual prosecutions.

24.   It appears to Plaintiffs that tens of thousands of individuals have been adversely affected by Mortenson's and CAI's fabrications.

25. Mortenson and CAI are the entities which have the most direct knowledge of the names and addresses of the donors who have made charitable donations to Mortenson and CAI as well as those who purchased Mortenson's books. In this regard, Mortenson and CAI should be required to disclose the names of all such donors to Mortenson and CAI and all such purchasers of Mortenson's books.

26. Although Mortenson and CAI probably have knowledge of the names and addresses of all of their donors, they may well not have knowledge of the names and addresses of every person who purchased the books. There is no way to identify a large number of individual class members because Mortenson and CAI will most likely not have mailing addresses for such class members. In this regard, Plaintiffs will request the Court to approve a class action administrator to disseminate an appropriate class notice. There are nationally recognized administrators for class action legal notice programs and one of them should be used in this case.

WHEREFORE, Plaintiffs pray that the Court, as early as practicable, enter an order certifying this action as a class action for the payment into a constructive trust to be used for the purpose of building the schools Mortenson and CAI have claimed to have built and didn't, all donations made to Mortenson and CAI and the purchase price of every purchased copy of Mortenson's books, pursuant to Rule 23, F.R.Civ.P., and to define the class, appoint class counsel, create the appropriate notice, appoint a trustee for the constructive trust and a class action administrator, pursuant to Rule 23(c)(2), F.R.Civ.P. Also, Plaintiffs pray on behalf of the class, to enter judgment against Mortenson and CAI funding the constructive trust, awarding treble damages and attorney fees on all RICO violations, and awarding punitive damages. Plaintiffs demand trial by jury on the class action claims for all issues which are triable by a jury.

DATED this 5 th day of May, 2011.

        HOYT & BLEWETT PLLC

        /s/ Alexander Blewett, III
        Alexander (Zander) Blewett, III
        Anders Blewett
        Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand that all issues be tried before a jury.

DATED this 5th day of May, 2011.

        HOYT & BLEWETT PLLC

        /s/ Alexander Blewett, III
        Alexander (Zander) Blewett, III
        Anders Blewett
        Attorneys for Plaintiffs