Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT  59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
            ablewett@hoytandblewett.com

John Heenan
HEENAN LAW FIRM
3970 Avenue D, Suite A
Billings, MT  59102
Phone: (406) 839-9091
Fax: (406) 838-9092
E-mail:  john@heenanlawfirm.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHELE REINHART, JEAN PRICE, and DAN DONOVAN, | Cause No.  CV-11-72-M-DWM |
| Plaintiffs, | Judge: Donald W. Molloy |
| v. | |
| GREG MORTENSON, CENTRAL ASIA INSTITUTE, a Corporation, and PENGUIN GROUP (USA), INC., | **FIRST AMENDED COMPLAINT FOR CLASS ACTION WITH DEMAND FOR JURY TRIAL** |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * *

**CLAIM FOR CLASS ACTION AGAINST MORTENSON, CAI AND/OR PENGUIN FOR FRAUD, DECEIT, BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST**.

For their claims against Defendants, Plaintiffs state and allege as follows:

1.      Plaintiff, Michele Reinhart, is a citizen of the State of Montana, residing in Missoula, Missoula County, Montana.

2.   Plaintiffs, Jean Price and Dan Donovan, are citizens of the State of Montana, residing in Great Falls, Cascade County, Montana.

3.   Defendant, Greg Mortenson (Mortenson), is an individual residing in Bozeman, Montana.

4.   Defendant, Central Asia Institute (CAI), is a foreign corporation.

5.   Defendant Penguin Group (USA), Inc. (Penguin), is a foreign corporation that published the books, *Three Cups of Tea* and *Stones Into Schools*, written by Mortenson, claiming the books were true works of nonfiction, including, but not limited to, listing the books on the New York Times nonfiction best seller list.

6.   CAI has wrongly expended significant sums of money to finance Mortenson's book tours and public speaking engagements. During these activities, Mortenson, CAI, and/or Penguin have repeatedly fabricated material details about his activities and work in Pakistan and Afghanistan, including specific fabrications contained in his books *Three Cups of Tea* and *Stones into Schools*. The purpose of these fabrications was to induce unsuspecting individuals to purchase his books and donate to CAI. These activities have generated significant sums of money for Mortenson, CAI, and Penguin in the form of book sales, public speaking fees, and charitable donations.

7.   Mortenson wrote the book *Three Cups of Tea* in 2006 and claims to have sold over 4 million copies, when many of them were purchased by CAI to give extra royalties to Mortenson and keep the book on the best seller list. Mortenson also wrote the book *Stones into Schools* in 2009 and sold a large number of copies.

8.   Penguin either knew the two books contained falsehoods or should have known and had a duty to verify Mortenson's statements or otherwise exercise reasonable care before publishing these books as true. Penguin knew more books

would be sold if the stories were true and profited from the misrepresentations that the books were true.

9. Pursuant to 28 U.S.C. § 1332(d), jurisdiction in Federal District Court is appropriate because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the class contains more than 100 members, greater than one-third of the class members are citizens of a state different from Defendants', and the principle injuries resulting from Defendants' unlawful conduct occurred outside Montana.

10. Venue is proper in Missoula County because the torts against Michele Reinhart occurred there and because Michele Reinhart, in her claim against CAI and Penguin, is a resident of Missoula County and the contract was to be performed in Missoula County.

11. These books purport to be true accounts of how Mortenson transitioned from mountain-climbing to building schools in Pakistan and Afghanistan for the purposes of educating girls. Mortenson has repeatedly appeared in public to recount the events described in these books. Many of his representations are false.

12. On or around September 21, 2007, Plaintiff, Michele Reinhart, attended a presentation given by Mortenson at the University of Montana's University Theater. During this speech Mortenson indicated his book *Three Cups of Tea* was a true account of the experiences he had in Central Asia. Sometime thereafter, Plaintiff, Michele Reinhart, purchased a copy of the book in Missoula, Montana, and paid approximately $15.00. Dan Donovan heard of the exploits of Mortenson and, relying on the truthfulness of what Mortenson had previously said publicly and in *Three Cups of Tea*, he purchased *Stones into Schools* at Barnes and Noble on October 31, 2010, in Great Falls, Montana, and paid $14.40 for this book. Jean Price attended a speaking engagement put on by Mortenson and/or

CAI in Great Falls in 2009, and relying on the truthfulness of his statements, made a donation to CAI. Thereafter, she was solicited for contributions by Mortenson and/or CAI through the U.S. Mail, relied on the truth of the statements made by Mortenson and CAI and made a further donation to CAI.

13. Mortenson, CAI and Penguin agreed with Plaintiffs that what Mortenson, CAI and Penguin publicly represented about Mortenson's and CAI's work and activities were true and that the books and public statements were true. Many of the things that Mortenson, CAI and Penguin were publicly stating and the representations made in the books were false, contrary to the agreement.

14. As a result, Mortenson, CAI and Penguin are liable for breach of contract and should disgorge the purchase prices and CAI donations.

15. In an effort to entice people to buy his two books, pay him speaking fees, and donate to CAI, Mortenson, CAI and Penguin have consistently maintained that his books and public statements are true. His books and public statements contain many fabrications which he, CAI and/or Penguin have repeated publicly on numerous occasions.

16. Mortenson, CAI and/or Penguin committed actual fraud against Plaintiffs by inducing them to donate to CAI and purchase the books that Mortenson, CAI and Penguin publicly represented to be true works when in fact Mortenson's books contained numerous fabrications. The elements of actual fraud have been satisfied because, 1) Mortenson, CAI and Penguin represented to Plaintiffs that the books and his public statements were true accounts based on events which actually took place; 2) The representations were false in that many of the statements were falsified; 3) The representations were material because they pertained to integral aspects of the book's narrative and public statements which led Plaintiffs to believe that they were purchasing books and donating based entirely on factual information; 4) Mortenson, CAI and/or Penguin knew some of

the representations were false because they described in his books and public statements events involving Mortenson that never occurred; 5) By representing that these books and public statements were based on fact, Mortenson, CAI and/or Penguin intended Plaintiffs to rely upon these misrepresentations and to purchase the books and donate with the mistaken belief that they were true; 6) Plaintiffs were completely ignorant to the fact that Mortenson, CAI and Penguin included fabrications within the books and public statements; 7) Plaintiffs relied upon the truth of the representations to their determent by purchasing the books and making donations that they otherwise would not have purchased or donated had they known of the falsified information; 8) It was reasonable for Plaintiffs to rely upon Mortenson's, CAI's and Penguin's representations because Mortenson was a world renowned author, CAI a renowned non-profit corporation, and Penguin a well-known publisher.  When Mortenson, CAI and Penguin represented that the books and public statements were factual, Plaintiffs had every right to rely upon those representations; 9) Plaintiffs were damaged by their reliance on Mortenson's, CAI's and/or Penguin's false representations in the amount of the purchase prices of the books, and the amount of the donations.

  17. Penguin allowed this deceit and fraud to occur by breaching its duties as a publisher.  Also, and in the alternative, Penguin negligently made representations regarding the truthfulness of both books, the representations were false, Plaintiffs reasonably relied on the false representations and purchased the books and/or made the donations and Penguin is liable for all such damages, which also should be placed in the constructive trust.

  18. Mortenson, CAI and Penguin should be forced to disgorge the purchase prices because Michele Reinhart would not have purchased the book *Three Cups of Tea* and Dan Donovan would not have purchased the book *Stones Into Schools* had they known that Mortenson's public statements and books were

based on fabricated information. Mortenson and CAI should be forced to disgorge the Jean Price donations which she would not have made had she known that Mortenson's public statements and books were based on fabricated information.

19. The conduct of Mortenson, CAI and/or Penguin constitutes malice and/or other egregious conduct for which a jury should award punitive damages in an amount it determines appropriate under the circumstances.

20. Mortenson, CAI and/or Penguin are liable to Plaintiffs for the tort of deceit because they willfully deceived Plaintiffs with the intent to induce Plaintiffs to purchase the books and donate to Mortenson and CAI.

21. The conduct of Mortenson, CAI and Penguin has resulted in their receiving unjust enrichment to the detriment of Plaintiffs, and Mortenson, CAI and Penguin should be forced to disgorge the purchase prices and CAI to disgorge the donations to prevent unjust enrichment.

22. Plaintiff, Michele Reinhart, as a purchaser of *Three Cups of Tea*, Dan Donovan as a purchaser of *Stones Into Schools*, and Jean Price as a donor, are representative parties for the class of other individuals who purchased either of Mortenson's books or donated to Mortenson or CAI and have standing to bring this class action.

23. Based on the fraud, deceit, breach of contract and negligent misrepresentation by Mortenson, CAI and Penguin in dealing with every book purchaser and/or donor, Mortenson, CAI and Penguin have been unjustly enriched by the funds they received. A constructive trust should be created into which all of the funds obtained by Mortenson, CAI and Penguin should flow. If no constructive trust is established to receive these funds, and Mortenson, CAI and Penguin are permitted to retain the funds, they will be unjustly enriched. The funds in the constructive trust should then be transferred to an appropriate third-party institution to be selected by the Court to build the schools for girls in

Afghanistan and Pakistan which Mortenson and CAI claim to have built, but did not build.

24.     This class is so numerous that joinder of all members is impractical and, in this regard, Plaintiffs have no way of determining or joining all members of this class unless this Court certifies this class.  There are questions of law and questions of fact that are common to the class because Mortenson's, CAI's and/or Penguin's fabrications, which have been publicly reiterated and are also contained in the books, have resulted in countless people purchasing the books and making donations to Mortenson and CAI.  The claims of Plaintiffs and the other class members, and the defenses of Mortenson, CAI and Penguin are typical, if not identical, in all such claims being asserted on behalf of the class.  Finally, the Plaintiffs can and will fairly and adequately protect the interests of the class.

25.     This proposed class-action should be certified because the questions of law and/or of fact common to class members predominate over any questions affecting only individual members and there are almost no questions of law or in fact that only affect individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  As a practical matter, there is no other available method.  In this regard, the Plaintiffs, bringing this class action, are in a position to show the Court:

(A)     Plaintiffs are in a position to have this issue resolved for all class members who either purchased Mortenson's and Penguin's books and/or donated to Mortenson and/or CAI, and for all class members who have been damaged by Mortenson's, CAI's and/or Penguin's unjust enrichment, breach of contract, deceit, fraud and negligent misrepresentation.  These other class members do not have the knowledge, resources, legal expertise, or time to bring these claims individually in separate actions.

//

(B) To the knowledge of Plaintiffs, there are no other cases pending against Mortenson, CAI or Penguin concerning the controversy which has already been begun by Plaintiffs individually and on behalf of the class members in this proposed class action.

(C) The desirability of concentrating the litigation of all of these claims in this particular forum before this particular Court under these circumstances, where the entire case turns on the common scheme of deceit, fraud, negligent misrepresentation, breach of contract and unjust enrichment, employed by Mortenson, CAI and/or Penguin is undeniable.

(D) Although all class actions have certain difficulties, representative Plaintiffs and their counsel feel these difficulties will be much more easily managed through a class action than through the nearly impossible procedure of individual prosecutions.

26. It appears to Plaintiffs that tens of thousands of individuals have been adversely affected by Mortenson's, CAI's and/or Penguin's fabrications.

27. Mortenson, CAI and Penguin are the entities which have the most direct knowledge of the names and addresses of the donors who have made charitable donations to Mortenson and CAI as well as those who purchased Mortenson's books. In this regard, Mortenson, CAI and Penguin should be required to disclose the names of all such donors to Mortenson and CAI and all such purchasers of the books.

28. Although Mortenson, CAI and Penguin probably have knowledge of the names and addresses of all of the donors, they may well not have knowledge of the names and addresses of every person who purchased the books. There is no way to identify a large number of individual class members because Mortenson, CAI and Penguin will most likely not have mailing addresses for such class members. In this regard, Plaintiffs will request the Court to approve a class action

administrator to disseminate an appropriate class notice. There are nationally recognized administrators for class action legal notice programs and one of them should be used in this case.

  WHEREFORE, Plaintiffs pray that the Court, as early as practicable, enter an order certifying this action as a class action for the payment into a constructive trust, with the funds to be used for the purposes originally stated by Mortenson and CAI, including the building of the schools Mortenson and CAI have claimed to have built and didn't, and for all the other promised purposes for using the donated money, in addition to the purchase price of every purchased copy of Mortenson's books, pursuant to Rule 23, F.R.Civ.P., and to define the class, appoint class counsel, create the appropriate notice, appoint a trustee for the constructive trust and a class action administrator, pursuant to Rule 23(c)(2), F.R.Civ.P. Also, Plaintiffs pray on behalf of the class, to enter judgment against Mortenson, CAI and Penguin funding the constructive trust, and awarding punitive damages. Plaintiffs demand trial by jury on the class action claims for all issues which are triable by a jury.

  DATED this 11th day of May, 2011.

              HOYT & BLEWETT PLLC


               /s/ Alexander Blewett, III
              Alexander (Zander) Blewett, III
              Anders Blewett
              Attorneys for Plaintiffs

//
//
//
//
//

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand that all issues be tried before a jury.

DATED this 11th day of May, 2011.

                HOYT & BLEWETT PLLC


                /s/ Alexander Blewett, III
                Alexander (Zander) Blewett, III
                Anders Blewett
                Attorneys for Plaintiffs