Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT   59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
           ablewett@hoytandblewett.com

Larry D. Drury
LARRY D. DRURY, LTD.
100 N. LaSalle Street, Ste. 1010
Chicago, IL   60602
Phone: (312) 346-7950
Fax: (312) 346-5777
E-mail: ldrurylaw@aol.com

Robert A. Langendorf
ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street, Ste. 1515
Chicago, IL   60602
Phone: (312) 782-5933
Fax: (312) 371-1771
E-mail: rlangendorf@comcast.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHELE REINHART,<br>DAN DONOVAN, and<br>DEBORAH NETTER, individually<br>and on behalf of all others similarly,<br>situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>GREG MORTENSON, DAVID<br>OLIVER RELIN, PENGUIN<br>GROUP (USA), INC., a Delaware<br>Corporation, and MC CONSULTING,<br>Inc., a Montana Corporation,<br><br>           Defendants. | Cause No.  CV-11-72-M-DWM<br><br>Judge: Donald W. Molloy<br><br>**THIRD AMENDED<br>COMPLAINT FOR<br>CLASS ACTION WITH<br>DEMAND FOR JURY TRIAL** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CLAIM FOR CLASS ACTION AGAINST MORTENSON, RELIN
PENGUIN and/or MC CONSULTING, INC., FOR FRAUD, DECEIT,
BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION,
UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST.**

For their claims against Defendants, Plaintiffs state and allege as follows:

1.      Plaintiff, Michele Reinhart, is a citizen of the State of Montana, residing in Missoula, Missoula County, Montana.

2.      Plaintiff, Dan Donovan, is a citizen of the State of Montana, residing in Great Falls, Cascade County, Montana.

3.      Plaintiff, Deborah Netter, is a citizen of the State of Illinois, residing in Lake County, Illinois.

4.      Defendant, Greg Mortenson (Mortenson), is an individual residing in Bozeman, Montana, and acted as the agent of Penguin in the writing, publishing and promoting of the below-mentioned books.

5.      Defendant, David Oliver Relin (Relin), is an individual residing in Portland, Oregon, and acted as the agent of Penguin in the writing, publishing and promoting of *Three Cups of Tea.*

6.      Defendant Penguin Group (USA), Inc. (Penguin), is a foreign corporation that published the books, *Three Cups of Tea*, written by Mortenson and Relin, and *Stones Into Schools*, written by Mortenson, claiming the books were true works of nonfiction, including, but not limited to, listing the books on the New York Times nonfiction best seller list.

7.      MC Consulting, Inc. (MC), is a Montana corporation, owned and controlled by Mortenson.  On information and belief, Mortenson may have transferred funds from his book sale royalties to MC.

8.      In 1993, Mortenson went on a trip where he climbed in the mountains near K2 in Pakistan.  After he returned from that trip, he hatched a scheme, whereby he thought he could make money for himself and commence a charity

through which he could make even more money for himself.  This scheme involved an intricate plan to fabricate facts to make himself into a hero, while publically stating he was heroically doing it all to help unfortunate children in Pakistan and Afghanistan.  He fabricated the facts and then systematically hid the truth of the matters from the public, a number of directors of the Board of Directors of Central Asia Institute, the nonprofit charitable corporation he controlled, and certain employees of Central Asia Institute.  In this regard, he was not truthful about his financial dealings with Central Asia Institute and was not truthful about a number of matters, including, but not limited to, his financial dealings with Central Asia Institute, the number of schools that he built, the number of children he helped, etc.  He then proceeded to cover up a large number of these falsehoods over a period of many years.

9.     Mortenson, Relin, and/or Penguin have repeatedly fabricated material details in the books *Three Cups of Tea* and *Stones into Schools*.  The purpose of these fabrications was to induce unsuspecting individuals to purchase these books and feel good about Mortenson, as a humanitarian working for the sole benefit of children.  These fabrications have generated significant sums of money for Mortenson, Relin, and Penguin in the form of book sales, personal fame for Mortenson, and other financial benefits to Mortenson from his charitable work.

10.     Mortenson and Relin wrote the book *Three Cups of Tea* in 2006 and claim to have sold over 4 million copies, many of which were purchased by Central Asia Institute (CAI), the charity controlled by Mortenson, to give extra royalties to Mortenson, Relin, and Penguin and keep the book on the bestseller list.  Mortenson also wrote the book *Stones into Schools* in 2009 and sold a large number of copies.

11.     Penguin either knew that Mortenson's public statements and the two books contained falsehoods, or should have known, and had a duty to verify

Mortenson's and Relin's statements or otherwise exercise reasonable care before publishing these books as true.  Penguin knew more books would be sold, if the stories were represented to be true.  Penguin specifically omitted that the books were not true and profited from the misrepresentations that the books were true.

12.     Pursuant to 28 U.S.C. § 1332(d), jurisdiction in Federal District Court is appropriate because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the class contains more than 100 members, greater than one-third of the class members are citizens of a state different from Defendants', and the principle injuries resulting from Defendants' unlawful conduct occurred outside Montana.

13.     Venue is proper in Missoula County because the torts against Michele Reinhart occurred there and because Michele Reinhart, in her claim against Penguin, is a resident of Missoula County and the contract was to be performed in Missoula County.

14.     These books purport to be true accounts of how Mortenson transitioned from a mountain-climber to an astonishingly brave, selfless humanitarian building schools in Pakistan and Afghanistan for the purposes of educating girls.  Mortenson has repeatedly appeared in public or written in a public forum to recount the events described in these books.  Many of his representations made in the books and in his public speeches and public statements are false.

15.     On or around September 21, 2007, Plaintiff, Michele Reinhart, attended a presentation given by Mortenson at the University of Montana's University Theater.  During this speech, Mortenson indicated his book *Three Cups of Tea* was a true account of the experiences he had in Central Asia and that all his activities were truly selfless, humanitarianism.  Sometime thereafter, Plaintiff, Michele Reinhart, purchased a copy of the book in Missoula, Montana, and paid

-4-

approximately $15.00.  Dan Donovan heard of the exploits of Mortenson and, relying on the truthfulness of what Mortenson had previously said publicly about his humanitarianism and activities, and relying on the truthfulness of *Three Cups of Tea*, purchased *Stones into Schools* at Barnes and Noble on October 31, 2010, in Great Falls, Montana, and paid $14.40 for this book.  Deborah Netter heard of the exploits of Mortenson and, relying on the truthfulness of what Mortenson had previously said publicly about his humanitarianism and activities, purchased the paperback edition of *Three Cups of Tea* published by Penguin in or about January 2011 at Barnes and Noble in Vernon, Illinois, and paid $17.32 therefore.

## COUNT I:  BREACH OF CONTRACT

1-15.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-15 above.

16.  Mortenson, Relin and Penguin offered *Three Cups of Tea* and *Stones Into Schools*, to the Plaintiffs and the class, as nonfiction and true stories of Mortenson's activities.  The Plaintiffs and the Class accepted the Defendants' offer and paid for, and received, the aforesaid books.  However, many of Mortenson's, Relin's and Penguin's public statements, representations and omissions made in the books were false, misleading, deceptive, and contrary to the agreement as alleged herein.

17.  As a result, Mortenson, Relin and Penguin are liable for breach of contract and should disgorge the purchase prices, with interest thereon to the Plaintiffs and the Class.

## COUNT II:  BREACH OF IMPLIED CONTRACT

1-17.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-17 above.

18.  Count II of this class action complaint is pled in the alternative to Count I.

19.  By advertising, marketing, and promoting *Three Cups of Tea* and *Stones Into Schools* as nonfiction and true stories, the characteristics of said books

became an implied contractual condition of sale upon the purchase thereof by the Plaintiffs and the class.

20.     Defendants breached their implied contracts with Plaintiffs and the class by selling Plaintiffs and the class books that were in fact not a true, accurate, and genuine stories of Mortenson's life experiences following his failed attempt at climbing K2, but in actuality were pure fiction.

21.     As a direct and proximate result of Defendants' aforesaid breach and conduct, Plaintiffs and the class have been damaged.

## COUNT III:  FRAUD

1-21.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-21 above.

22.     In an effort to entice people by Mortenson's self-proclaimed humanitarianism and to buy the two books, Mortenson, Relin and Penguin have consistently maintained that the statements in the books and Mortenson's public speeches and published writings are true.  His books and public statements contain many fabrications and/or omissions, which he, Relin and/or Penguin have repeated publicly on numerous occasions.

23.     Mortenson, Relin and/or Penguin committed actual fraud against Plaintiffs by inducing them to accept Mortenson's self-proclaimed humanitarian qualities and to purchase the books that Mortenson, Relin and Penguin publicly represented to be true works when in fact the books contained numerous fabrications and/or omissions.   The elements of actual fraud have been satisfied because, (1) Mortenson, Relin and Penguin represented to Plaintiffs that the books and his public statements were true accounts based on events which actually took place; (2) The representations were false in that many of the statements were falsified and the Defendants omitted and/or failed to disclose that the books were not nonfiction; (3) The representations and/or omissions were material because they pertained to integral aspects of the book's narrative and public statements

which led Plaintiffs to believe that they were purchasing books based entirely on factual information from a selfless humanitarian; (4) Mortenson, Relin and/or Penguin knew some  of the representations were false because they described in his books and public statements events involving Mortenson that never occurred; (5) By representing that these books and public statements were based on fact, Mortenson, Relin and/or Penguin intended Plaintiffs and the class to rely upon these misrepresentations and to purchase the books with the mistaken belief that they were true; (6) Plaintiffs and the class were completely ignorant to the fact that Mortenson, Relin and Penguin included fabrications and/or omissions within the books and public statements; (7) Plaintiffs and the class relied upon the truth of the representations to their determent by purchasing the books that they otherwise would not have purchased had they known of the falsified information; (8) It was reasonable for Plaintiffs and the class to rely upon Mortenson's, Relin's and Penguin's representations because Mortenson and Relin were world renowned authors, and Penguin a well-known publisher.  When Mortenson, Relin and Penguin represented that the books and public statements were factual, Plaintiffs had every right to rely upon those representations; (9) Plaintiffs and the class were damaged by their reliance on Mortenson's, Relin's and/or Penguin's false representations in the amount of the purchase prices of the books, plus interest.

## COUNT IV:  DECEIT

1-23.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-23 above.

24.     Mortenson, Relin and/or Penguin are liable to Plaintiffs for the tort of deceit because they willfully deceived Plaintiffs with the intent to induce Plaintiffs to accept his humanitarianism and to purchase the books.

## COUNT V:  UNJUST ENRICHMENT

1-24.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-24 above.

25.     The conduct of Mortenson, Relin and Penguin has resulted in their receiving unjust enrichment to the detriment of Plaintiffs, and Mortenson, Relin and Penguin should be forced to disgorge the books' purchase prices, plus interest.

## COUNT VI:  NEGLIGENT MISREPRESENTATIONS BY PENGUIN AND RELIN

1-25.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-25 above.

26.     In the alternative, Penguin and Relin negligently made representations regarding Mortenson's selflessness, humanitarianism, and the truthfulness of *Three Cups of Tea* and/or *Stones Into Schools* and regarding Mortenson's public statements; these representations were false; Plaintiffs reasonably relied on the false representations and purchased the books and Penguin and Relin are liable for all such damages, which also should be placed in the constructive trust.

## COUNT VII:  PENGUIN LIABLE AS PRINCIPAL

1-26.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-26 above.

27.     Penguin is liable for all of the conduct of Mortenson and Relin as it was their principal and they were acting within the scope of their agency relationship at all pertinent times.

## COUNT VIII:  PUNITIVE DAMAGES

1-27.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-27 above.

28.     The conduct of Mortenson, Relin, Penguin and/or MC constitutes malice and/or other egregious conduct for which a jury should award punitive damages in an amount it determines appropriate under the circumstances.

## COUNT IX:  UNJUST ENRICHMENT BY MC

1-28.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-28 above.

29.     MC has been unjustly enriched by receiving any of these funds from Mortenson's book sales and should be forced to disgorge all such funds plus interest.

## COUNT X:  ACCOUNTING AND INJUNCTIVE RELIEF

1-29.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-29 above.

30.     Defendants should account for all money improperly collected from the wrongful sales of the books, should have a constructive trust imposed on said monies until further order of the Court, should disgorge all profits collected from the sale of the books, plus interest, and should be enjoined from disbursing any of the monies received from said sales.

31.     The true monetary amounts garnered from Defendants' wrongful conduct is only ascertainable from a detailed review of Defendants' accounting records and finances, and Plaintiffs and the class would otherwise be unable to determine the actual damages suffered and/or amounts unjustly retained by Defendants and have no other adequate remedy at law.

32.     Defendants should also be enjoined from continuing to market said books as pieces of nonfiction and/or as true stories, so as to prevent future losses by consumers.  No remedy at law is otherwise available to remedy this pending harm to said consumers.

## COUNT XI:  CLASS ACTION ALLEGATIONS

1-32.  Plaintiffs reallege each of the allegations set forth in ¶¶ 1-32 above.

33.     Plaintiffs, Michele Reinhart and Deborah Netter, as purchasers of *Three Cups of Tea*, and Dan Donovan as a purchaser of *Stones Into Schools,* are representative parties for the class of other individuals who purchased either of Mortenson's books, and have standing to bring this class action.

34.     Based on the breach of contract, breach of implied contract, fraud, deceit, and/or negligent misrepresentation by Mortenson, Relin and Penguin in dealing with every book purchaser, Mortenson, Relin, Penguin and MC have been

unjustly enriched by the purchase prices paid and Mortenson's fame and other financial benefits. A constructive trust should be created into which all of the funds paid for the books and Mortenson's other financial benefits should flow. If no constructive trust is established to receive these funds, and Mortenson, Relin, Penguin and MC are permitted to retain the funds, they will be unjustly enriched. The funds in the constructive trust should then be refunded to the Plaintiffs and the class and any unclaimed balance thereof transferred to an appropriate third-party institution to be selected by counsel for the Plaintiffs, with approval by the Court, for the humanitarian purposes originally stated by Mortenson, or such other purposes as the Court deems appropriate.

35.     This class is so numerous that joinder of all members is impractical and, in this regard, Plaintiffs have no way of determining or joining all members of this class unless this Court certifies this class. There are questions of law and questions of fact that are common to the class because Mortenson's, Relin's and/or Penguin's fabrications and/or omissions, which have been publicly reiterated and are also contained in the books, have resulted in a vast number of people purchasing the books. The claims of Plaintiffs and the other class members, and the defenses of Mortenson, Relin, Penguin and MC are typical, if not identical, in all such claims being asserted on behalf of the class. Finally, the Plaintiffs and their counsel can, and will, fairly and adequately protect the interests of the class.

36.     This proposed class-action should be certified because the questions of law and/or of fact common to class members predominate over any questions affecting only individual members and there are almost no questions of law or fact that only affect individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. As a practical matter, there is no other available method. In this regard, the Plaintiffs, bringing this class action advise the Court:

(A)    Plaintiffs are in a position to have this issue resolved for all class members who either purchased Mortenson's and Relin's and Penguin's books and for all class members who have been damaged by Mortenson's, Relin's, Penguin's and/or MC's unjust enrichment, breach of contract, deceit, fraud and negligent misrepresentation.  These other class members do not have the knowledge, resources, legal expertise, or time to bring these claims individually in separate actions.

(B)    When the complaint was originally filed, to the knowledge of Plaintiffs, there were no other cases pending against Mortenson, Relin, Penguin or MC concerning the controversy which has already been begun by Plaintiffs individually and on behalf of the class members in this proposed class action.

(C)    The desirability of concentrating the litigation of all of these claims in this particular forum before this particular Court under these circumstances, where the entire case turns on the common scheme of deceit, fraud, negligent misrepresentation, breach of contract and unjust enrichment, employed by Mortenson, Relin, Penguin or MC is undeniable.

(D)    Although all class actions have certain difficulties, representative Plaintiffs and their counsel feel these difficulties will be much more easily managed through a class action proceeding than through the nearly impossible procedure of individual prosecutions.

37.    Pursuant to Rule 23(b)(3), Fed.R.Civ.P., Plaintiffs bring this class action on behalf of themselves and all members of the following class:  All consumers throughout the world who purchased *Three Cups of Tea* or *Stones Into Schools* in any form or media (e.g., hardcover, paperback, audio book, audio download, e-book download) from January 1, 2006, to the date of judgment.

38.    On information and belief, millions of individuals have been adversely affected by the Defendants' fabrications and/or omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court, as early as practicable, enter an order as follows:

A.   Certifying this matter as a class action for the disgorgement and payment of both book purchases, interest, and Mortenson's other ill-gotten funds;

B.   Order that the Defendants place all proceeds from the sale and/or marketing of *Three Cups of Tea* and *Stones Into Schools* into a constructive trust for the benefit of Plaintiffs and the class;

C.   Order that  Defendants be enjoined to stop all advertising, marketing, promoting, and/or sales of *Three Cups of Tea* and *Stones Into Schools* that refers to the books as being nonfiction and/or true stories;

D.   Place any funds received by MC from book purchases into a constructive trust, with the funds to be used as set forth in paragraph 46 herein, pursuant to Rule 23(b)(3), F.R.C.P.;

E.   Order that Defendants complete an accounting of all wrongfully retained proceeds;

F.   Award reasonable attorneys' fees and costs;

G.   Appoint a trustee for the constructive trust, and a claims administrator as the Court deems appropriate;

H.   Direct such notice to the Class, pursuant to F.R.Civ.P. 23 (c)(2)(B), Fed.R.Civ.P. as the Court deems appropriate.

I.   Award punitive damages;

J.   Appoint the named Plaintiffs herein as class representatives;

K.   Appoint Plaintiffs' counsel, Alexander (Zander) Blewett, III, Anders Blewett and Larry D. Drury, as co-lead class counsel, and Robert A. Langendorf, as class counsel; and

L.      Award such other damages and equitable relief to Plaintiffs and the

class as the Court deems appropriate.

Plaintiffs demand trial by jury on the class action claim for all issues which

are triable by jury.

DATED this 18th day of July, 2011.

HOYT & BLEWETT PLLC


_____/s/ Alexander Blewett, III_____

Alexander (Zander) Blewett, III
Anders Blewett
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand that all issues be tried before a jury.

DATED this 18th day of July, 2011.

HOYT & BLEWETT PLLC


_____/s/ Alexander Blewett, III_____

Alexander (Zander) Blewett, III
Anders Blewett
Attorneys for Plaintiffs