Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT   59403-2807
Phone: (406) 761-1960
Fax: (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
         ablewett@hoytandblewett.com

Larry D. Drury
LARRY D. DRURY, LTD.
100 N. LaSalle Street, Ste. 1010
Chicago, IL   60602
Phone: (312) 346-7950
Fax: (312) 346-5777
E-mail: ldrurylaw@aol.com

Robert A. Langendorf
ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street, Ste. 1515
Chicago, IL   60602
Phone: (312) 782-5933
Fax: (312) 371-1771
E-mail: rlangendorf@comcast.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHELE REINHART, DAN DONOVAN, and DEBORAH NETTER, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>GREG MORTENSON, DAVID OLIVER RELIN, PENGUIN GROUP GROUP (USA), INC., a Delaware Corporation, and MC CONSULTING, INC., a Montana Corporation<br><br>           Defendants. | Cause No.  CV-11-72-M-DWM<br><br>Judge: Donald W. Molloy<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PRESERVATION OF DOCUMENTS** |

* * * * * * * * * * * * * * * * * * * *

Plaintiffs have filed a Motion for Preservation of Documents. This brief has been filed in support of said motion.

1. On July 27, 2011, Plaintiffs Michele Reinhart, Dan Donovan and Deborah Netter filed their Third Amended Class Action Complaint seeking various relief and the certification of a class that should be defined as follows:

> All consumers throughout the United States that purchased *Three Cups of Tea* or *Stones into Schools* in any form or media (e.g. hardcover, paperback, audio book, audio download, e-book download) from January 1, 2006 to the date of judgment.[1]

2. Defendants were aware of their conduct at all times relevant herein.

3. Defendants' conduct in this matter raises serious issues in that this case concerns the following:

   A. Did the Defendants fabricate key portions of *Three Cups of Tea* or *Stones into Schools*?

   B. Did the Defendants breach their contracts with the Plaintiffs and the Class?

   C. Did the Defendants intend that the Plaintiffs and the Class rely on their depictions of *Three Cups of Tea* and *Stones into Schools* as real-life true and honest works of non-fiction in deciding to buy the books?

   D. Did the Defendants commit actual fraud against the Plaintiffs and the Class by inducing them to make purchases of *Three Cups of Tea* and *Stones into Schools* by representing them as true stories and non-fiction?

   E. Did the Defendants commit negligent misrepresentation by falsely representing *Three Cups of Tea* and *Stones into Schools* as being true stories and non-fiction?

---

[1] Excluded from the Class are the Defendants', the Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, the persons who execute and file a timely request for exclusion, and the legal representatives, successors, or assigns of any such excluded person.

    F.    Were Mortenson and Relin acting as agents of Penguin, and/or agents of one another, and were they acting within their authority as agents, at all pertinent times in regards to marketing *Three Cups of Tea* and *Stones into Schools*?

    G.    Did the Defendants commit the tort of deceit by willfully deceiving Plaintiffs and the Class with the intent to induce Plaintiffs and the Class to purchase *Three Cups of Tea* and *Stones into Schools*?

    H.    Have the Defendants been unjustly enriched by receiving funds from the sale of *Three Cups of Tea* and *Stones into Schools*?

    I.    Did Defendants misuse approximately $60 million raised by CAI which came about through the sale of said books?

    J.    Should a constructive trust be created for the funds retained by Defendants from the sale of *Three Cups of Tea* and *Stones into Schools* and should said funds be transferred to the class and an appropriate third-party institution to be approved by the Court?

    K.    Should punitive damages be awarded to Plaintiffs and the Class based on the Defendants wrongful actions relating to the marketing of *Three Cups of Tea* and *Stones into Schools* as being non-fiction?

4.    The Defendants' conduct and their blatant refusal to recognize their culpability and compensate those who have been damaged raises serious questions regarding future conduct they may take in this matter.

5.    The proper resolution of this litigation, and the rights of the parties, will depend greatly upon the documentation of the Defendants with respect to their practice of falsely advertising, marketing, promoting, selling and distributing *Three Cups of Tea* and *Stones into Schools* as true stories and non-fiction and misusing the charity, CAI, as alleged in the Plaintiffs' Third Amended Complaint.

6.    It would work no great hardship on the Defendants to maintain all of the documents relating or relevant to the subject matter of this litigation, which are already in their actual or constructive care, custody or control, and the retention of same would further the interests of justice for all parties concerned.

7.    Many corporations and municipalities have a set period of time during which they will retain documents. Even for those corporations and

municipalities that do not presently have such a policy, such a policy could be adopted at any time. An order for the preservation of documents would prevent destruction of relevant documents later justified by existing corporate policy.

WHEREFORE, the Plaintiffs, MICHELE REINHART, DAN DONOVAN, and DEBORAH NETTER, individually and on behalf of all others similarly situated move this Court to enter an order of preservation of documents in the form attached hereto as Exhibit "A" or in such other form as this Court deems appropriate.

DATED this 3rd day of August, 2011.

HOYT & BLEWETT PLLC

    /s/ Alexander Blewett, III
Alexander (Zander) Blewett, III
Anders Blewett
Attorneys for Plaintiffs

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of August, 2011, a copy of the foregoing document was served on the following persons by the following means:

```
1,2,3,4,5,6    CM/ECF
_____        Hand Delivery
_____        Mail
_____        Overnight Delivery Service
_____        Fax
   7           E-Mail
```

1. Clerk, U.S. District Court

2. John M. Kauffman
   Kasting, Kauffman & Mersen, P.C.
   716 S. 20th Avenue, Suite 1010
   Bozeman, MT 59718
   Attorneys for Def. Mortenson

3. Kevin C. Maclay
   Todd E. Phillips
   Caplin & Drysdale, Chartered
   One Thomas Circle, NW, Ste. 1100
   Washington, D.C. 20005
   Co-Counsel for Def. Mortenson

4. Jonathan M. Herman
   Dorsey & Whitney LLP
   51 West 52nd Street
   New York, NY 10019-6119
   Attorneys for Def. Penguin

5. F. Matthew Ralph
   Dorsey & Whitney LLP
   Suite 1500, 50 S. Sixth Street
   Minneapolis, MN 55402-1498
   Attorneys for Def. Penguin

6. Charles E. Hansberry
   Elena J. Zlatnik
   Garlington, Lohn & Robinson, PLLP
   P.O. Box 7909
   Missoula, MT 59807-7909
   Attorneys for Def. David OliverRelin

7. Sonia A. Montalbano
   Elliott, Ostrander & Preston, P.C.
   Union Bank of California Tower
   707 SW Washington St., Ste. 1500
   Portland, OR 97205
   Attorneys for Def. David OliverRelin

HOYT & BLEWETT PLLC

/s/ Alexander Blewett, III
Alexander (Zander) Blewett, III
Anders Blewett
Attorneys for Plaintiffs