IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHELE REINHART, DAN DONOVAN, and DEBORAH NETTER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>GREG MORTENSON, DAVID OLIVER RELIN, PENGUIN GROUP GROUP (USA), INC., a Delaware Corporation, and MC CONSULTING, INC., a Montana Corporation<br><br>          Defendants. | Cause No.  CV-11-72-M-DWM<br><br>Judge: Donald W. Molloy<br><br>**ORDER RE PRESERVATION OF DOCUMENTS** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS CAUSE COMING ON TO BE HEARD on the Motion for Preservation of Documents and the Court being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1. During the pendency of this litigation or until further order of this Court, Defendants, and their respective officers, agents, servants, employees, attorneys and accountants shall not alter, destroy or otherwise dispose of any "document" relating or relevant to its practice of falsely advertising, marketing, promoting, selling and distributing *Three Cups of Tea* and *Stones into Schools* as true stories and non-fiction, as alleged in the Plaintiffs' Third Amended Class Action Complaint, in the actual or constructive care, custody or control of each such party from the date of entry of this Order forward, wherever such document is physically located.

Exhibit "A"

2. The term "document" and the scope of this Order shall have the meaning ascribed in Rule 26(a) of the Federal Rules of Civil Procedure and shall, without limiting the generality of the foregoing, include the original and any non-identical copies thereof of any policies, receipts, claim, check, writing, drawing, map, blueprint, film, chart, photograph, audio and video tape recordings and transcripts thereof, and retrievable data, whether electromechanically or electromagnetically recorded and other data compilations from which information can be obtained relating or relevant to all purchases of *Three Cups of Tea* or *Stones into Schools* while Defendants' practice of falsely advertising, marketing, promoting, selling and distributing *Three Cups of Tea* and *Stones into Schools* as true stories and non-fiction was ongoing, including, but not limited to references, notices, memoranda, diaries, minutes, correspondence, claims, checks, policies, computer storage, tapes, computer storage cards or disks, books, journals, ledgers, receipts, agreements, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations and other formal and informal writings or tangible preservations of information.

3. Defendants shall be responsible for providing notice of this Order to its respective officers, agents, servants, employees, attorneys and accountants, and shall be responsible for compliance with this Order by such persons.

4. If counsel are unable to resolve disputes regarding the scope or implementation of this Order, any party may apply to the Court for clarification or relief from this Order upon reasonable notice. All documents which are the subject to such disputes shall be preserved pending a ruling by the Court.

DATED this ___ day of August, 2011.

                                            By: _____
                                                Donald W. Molloy