John M. Kauffman
KASTING, KAUFFMAN & MERSEN, P.C.
716 S. 20th Ave., Suite #101
Bozeman, Montana 59718
Telephone: (406) 586-4383
jkauffman@kkmlaw.net

Kevin C. Maclay
Todd E. Phillips
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005-5802
Telephone: (202) 862-5000
kmaclay@capdale.com
tphillips@capdale.com

*Attorneys for Greg Mortenson & MC Consulting, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHELE REINHART, DAN DONOVAN, and DEBORAH NETTER, individually and on behalf of all others similarly situated, | CV 11-72-M-DWM |
| Plaintiffs, | Judge: Donald W. Molloy |
| v. | |
| GREG MORTENSON, DAVID OLIVER RELIN, PENGUIN GROUP (USA), INC. and MC CONSULTING, INC., a Montana Corporation | **GREG MORTENSON'S AND MC CONSULTING, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PRESERVATION OF DOCUMENTS** |
| Defendants | |

## I. INTRODUCTION AND SUMMARY

Defendants Greg Mortenson and MC Consulting, Inc. (collectively, the "Defendants") hereby oppose Plaintiffs' Motion for Preservation of Documents (the "Motion") [Dkt. No. 42] and their supporting Brief [Dkt. No. 43]. All of the parties to this litigation have an existing obligation to preserve documents. Absent a predicate showing of wrongdoing, a court order is inappropriate. While the Plaintiffs have not made a predicate showing, they have resorted to unsupported rhetoric that does not, and should not, give rise to the relief Plaintiffs have requested.

Even if the Court were inclined to issue a preservation order, the Court should not use the proposed order submitted by Plaintiffs (the "Proposed Order") [Dkt. No. 43-1]. Not only was it submitted in violation of Local Rule 7.1(c)(3), it is not even handed and is written as if the Court had found wrongdoing on the part of all defendants.

For the reasons set forth below, the Defendants respectfully request that the Court deny the Plaintiffs' Motion.

## II. RELEVANT BACKGROUND

Plaintiffs' action stems from the writing and publication of the books *Three Cups of Tea* and *Stones into Schools*, which were published by Penguin Group (USA) Inc. The lawsuit makes factual allegations that the books contain

misstatements, and that Mortenson repeated some of those orally, though the defendants represented the books as being accurate.

Plaintiff Reinhart filed her initial Complaint in this matter on May 5, 2011. [Dkt. No. 1]. She then filed a First, Second and Third Amended Complaint, adding and deleting parties and claims, on May, 11, 2011, June 17, 2011 and July 27, 2011, respectively [Dkt. Nos. 3, 17 & 38]. Shortly after filing the fourth version of the complaint, Plaintiffs filed the instant Motion and Brief on August 3, 2011.

In the nearly 4 months between the initial complaint and the Motion, none of the defendants filed any substantive motions or pleadings in this case because none were due or required. Responsive pleadings to the Third Amended Complaint were not even required until August 8, 2011. *See* Order [Dkt. No. 37]. Plaintiffs point to nothing in those intervening 4 months that would give rise for the need for the relief they requested. [1]

Thus, at the time Plaintiffs filed their Motion and Brief, none of the defendants in this case had filed any documents taking any substantive position in

[1] On August 5, 2011, the Defendants filed their Motion to Dismiss Plaintiffs' Third Amended Complaint and supporting Memorandum. [Dkt. Nos. 47 & 48]. The other defendants filed similar motions and memoranda on August 8, 2011 [Dkt Nos. 51, 52, 56 & 57]. Therein, the defendants exercised their rights to ask this Court to dismiss the complaints for failure to state cognizable claims, as permitted under Fed. R. Civ. P. 12(b)(6).

this case. Nevertheless, Plaintiffs made the following unwarranted and unsupported accusation against all of the defendants on page 3 of their Brief:

> 4. The Defendants' conduct and their blatant refusal to recognize their culpability and compensate those who have been damaged raises serious questions regarding future conduct they may take in this matter.

Plaintiffs imported this ugly rhetoric into Montana, as well as nearly their entire "Brief," from the now-dismissed copycat litigation filed by Plaintiff Netter in the District Court for the Northern District of Illinois. *See* Motion for Preservation of Documents at 2, ¶ 4, *Netter v. Mortenson*, No. 11-03915 (N.D. Ill. June 9, 2011) [Dkt. No. 5].

Plaintiffs have not shown, nor could they show, that Defendants have engaged in any activity that would support the relief they now request.

## III. PLAINTIFFS' MOTION IS INAPPROPRIATE

The Ninth Circuit has long held that all parties to litigation have a duty to preserve evidence without the presence of a court order. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). For Plaintiffs to request an order directed only at the defendants based solely on inflammatory rhetoric, without evidence of a predicate wrong, is inappropriate.

> Parties to a civil action in federal court are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence. This obligation, backed by the court's power to impose sanctions for the destruction of such

> evidence, is sufficient in most cases to secure the preservation of relevant evidence. ***Before additional measures to preserve evidence are implemented***, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result.

*Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010) (emphasis added) (citing *Leon*, 464 F.3d at 959 and *Jardin v. Datallegro, Inc.*, No. 08-cv-1462-IEG-RBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008)); *see also Scott v. Nerio*, No. C06-5340RJB, 2007 WL 1795558, at *1 (W.D. Wash. June, 20 2007). [2]

Moreover, where a question has been raised as to whether the plaintiff has stated a cognizable claim, as here, granting a motion to preserve documents is premature. *See Hall v. McAlister*, No. 1:10-cv-01426 OWW JLT (PC), 2010 WL 4068714, at *2 (E.D. Cal. Oct. 15, 2010) ("at this early stage of the litigation, the Court declines to entertain any requests for the preservation of alleged evidence").

Not only have Plaintiffs failed to provide the Court with ***any*** evidence that the Defendants would or have destroyed any documents, they neglect to cite ***any***

2 *See also Johnson v. Procter & Gamble Co.*, No. 07-C-0159-C, 2007 WL 1319274, at *1(W.D. Wis. Apr. 25, 2007) (denying plaintiff's motion to preserve evidence in a potential class action and multidistrict litigation because the "court presumes that the defendants and their attorneys already are aware of and will comply with their discovery obligations in this case and the others . . . [and] mere[] outlines . . . of alleged bad acts by some of the defendants and their agents, none of

law in their Motion or in their Brief to support their request for relief.

Finally, Plaintiffs submitted a proposed order in contravention of the local rule ***only*** permitting proposed orders "with a motion for extension of time or with an unopposed motion." *See* L.R. 7.1(c)(3). The Proposed Order is written in a manner to suggest that the Court has already concluded the presence of bad behavior, when nothing of the sort has been demonstrated. For example, the Proposed Order provides that defendants should be prevented from destroying any document

> relating or relevant to its [sic] practice of falsely advertising, marketing, promoting, selling and distributing *Three Cups of Tea* and *Stones into Schools* as true stories and non-fiction . . . .

Proposed Order at 1. While the Defendants do not engage in such a practice in the first instance, the very language Plaintiffs propose for the order assumes too much.

Moreover, Plaintiffs' obligations are noticeably missing from the Proposed Order. Yet, they are subject to the same existing obligation to preserve as are the defendants. *See Young*, 2010 WL 3564847 at *1; *Leon*, 464 F.3d at 959 ("***Parties*** to a civil action in federal court are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence.") (emphasis added). Plaintiffs provide no explanation for why they

---

which suggest that the defendants have engaged in or will engage in the spoliation of evidence" are not sufficient).

should be exempt from such an order. Plaintiffs' failure to include themselves in the Proposed Order speaks more to advocacy than fairness. More simply, the Court need not issue an order given the existing obligation imposed upon all parties to this case.

## IV. CONCLUSION

The Defendants are fully aware of their obligation to preserve their documents; an obligation that exists without a court order. There is no basis to issue the order Plaintiffs are requesting. Should any party to this action have information that another party is destroying or has destroyed relevant documents, then it would be appropriate to file or renew a request for an order preserving documents or to request other appropriate relief. Until that time, the Court should discourage the unsupported rhetoric Plaintiffs employed and deny the Motion.

DATED this 12th day of August, 2011.

/s/ *John M. Kauffman*
John M. Kauffman
KASTING, KAUFFMAN & MERSEN, P.C.
716 S. 20th Ave., Suite #101
Bozeman, Montana 59718
Telephone: (406) 586-4383
jkauffman@kkmlaw.net

/s/ *Kevin C. Maclay*
Kevin C. Maclay
Todd E. Phillips
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW Suite 1100
Washington, DC 20005-5802
Telephone: (202) 862-5000
kmaclay@capdale.com
tphillips@capdale.com
*Attorneys for Greg Mortenson and MC Consulting Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), I certify the following: This Response complies with the word limitation of Local Rule 7.1(d)(2)(A) because this brief contains 1,435 words, excluding caption and certificates of service and compliance as calculated by Microsoft Office Word 2007.

*/s/ John M. Kauffman*
John M. Kauffman
KASTING, KAUFFMAN & MERSEN, P.C.
716 S. 20th Ave., Suite #101
Bozeman, Montana 59718
Telephone: (406) 586-4383
jkauffman@kkmlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2011, a copy of the foregoing RESPONSE TO PLAINTIFFS' MOTION FOR PRESERVATION OF DOCUMENTS was served on counsel of record by [ **X**] CM/ECF, [ ] Hand Delivery, [ ] U.S. Mail, [ ] Facsimile as indicated below:

Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT, PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT 59403-2807
zblewett@hoytandblewett.com
ablewett@hoytandblewett.com
***Attorneys for Plaintiffs***

Larry D. Drury
LARRY D. DRURY, LTD
100 N. LaSalle Street, Ste. 1010
Chicago, IL 60602
ldrurylaw@aol.com
***Attorney for Plaintiffs***

Robert A. Langendorf
ROBERT A. LANGENDORF, PC
134 N. LaSalle Street, Ste. 1515
Chicago, IL 60602
rlngendorf@comcast.net
***Attorney for Plaintiffs***

Sonia A. Montalbano
William A. Drew
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 S. W. Washington Street
Suite 1500
Portland, Oregon 927205
sonia@eoplaw.com
bill@eoplaw.com
***Attorneys for David Oliver Relin***

Charles Hansberry
Garlington, Lohn, Robinson PLLP
P.O. Box 7909
Missoula, MT 59807
cehansberry@garlington.com
***Attorneys for David Oliver Relin***

Jonathan M. Herman
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
herman.jonathan@dorsey.com
***Attorneys for Penguin Group (USA) Inc.***

F. Matthew Ralph
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Ralph.Matthew@dorsey.com
***Attorneys for Penguin Group (USA) Inc.***

*/s/ John M. Kauffman*
John M. Kauffman
Kasting, Kauffman & Mersen, P.C.
716 S. 20th Ave. Suite 101
Bozeman, MT 59718
(406) 586-4383
jkauffman@kkmlaw.net